(No. 75-CV-53– )

RODNEY K. PETERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1975.*

RODNEY K. PETERSON, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal aggravated assault on March 13, 1974, in Farmer City, Illinois. Rodney K. Peterson seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, Ill. Rev. Stat., 1973, Ch. 70, Par. 71, et seq. (hereafter referred to as the "Act").

This Court has carefully considered the application

for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant was a victim of a violent crime covered under the Act to wit:

"Battery", Illinois Revised Statutes, 1973, Ch. 38, Par. 12-3.

2. A detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts as reported herein are incorporated in this opinion by reference.

3. That said crime occurred at 12:15 p.m. on Water Street, Farmer City, Illinois, at which time claimant was severely beaten. Claimant suffered a severe break of the left ankle and other severe contusions.

4. That said crime was promptly reported to the Farmer City Police Department and that claimant at all times has cooperated with law enforcement officials.

5. That the alleged assailant, Wayne Freeman, has pled guilty to one count of battery before the DeWitt County Circuit Court.

6. Claimant, as indicated by the report of the Attorney General, did not provoke the incident.

7. Claimant is not related to or a member of the same household of the assailant.

8. Claimant has suffered pecuniary loss in excess of $200 compensible by section 74 of the Act, to wit:

Hospital and Doctor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,109.98

9. Claimant has received $1,908.60 in hospital and medical insurance as a result of this injury which shall be considered a set-off to this award.

10. Claimant was unable to work for a period from March 13, 1974, to May 20, 1974. Claimant's average gross monthly income for the six months prior to this incident was $625.

11. Claimant's lost income for the 68-day period he was unable to work computed on the basis of $625 per month was $1,486. Claimant received disability benefits in the amount of $728, leaving a net loss of income of $758.

12. Pursuant to Ill. Rev. Stat., 1973, Ch. 70, Par. 71, this Court must deduct the first $200 of pecuniary loss.

13. That the proof submitted in support of this claim satisfies all of the requirements of this Act and the claim is, therefore, compensible thereunder.

It Is, Hereby Ordered that the sum of $759.38 (Seven Hundred Fifty Nine Dollars and Thirty Eight Cents) be awarded Rodney K. Peterson as a victim of a violent crime.